320

### PORRAZZO v. ROYAL MAIL LINES, Limited.

United States District Court
S. D. New York.
Dec. 8, 1944.

Harry A. Gair, New York City, for plaintiff.

Kirlin, Campbell, Hickox & Keating, New York City, for defendant.

BRIGHT, District Judge.

Plaintiff's motion, under Rule 37(d) is to strike out the answer because of the failure of defendant to appear pursuant to a notice to take a deposition and further for failure to answer certain interrogatories.

Defendant admits that it did not appear on the taking of the deposition, nor did it answer the interrogatories. So far as the taking of interrogatories is concerned, it was agreed upon the argument that the plaintiff would accept answers to the interrogatories from information available and which answers would be verified by an officer of the defendant in England, the defendant being a British corporation.

The defendant's reasons for not appearing pursuant to the notice of the examination are set forth in the affidavit of one of its counsel as follows:

(1) The notice to take deposition was that the testimony of the defendant would be taken by the person of the First Mate, or such other person or persons familiar with the facts and circumstances. Defendant construed the notice that plaintiff intended to take the deposition of the First Mate and no other, and that the balance with reference to other persons was so indefinite as not to be sufficient; (2) that the Rules of Civil Practice make no provision for the taking of the testimony of corporations; (3) that even if they do so provide, the First Mate would not be the corporation nor empowered to represent it in the giving of testimony; and (4) that plaintiff had not subpoenaed or even consulted the First Mate and defendant did not, therefore, appear because it assumed that the witness would not appear.

These objections, with one objection, are highly specious and technical, and, in my judgment, are entirely without merit.

If the Mate cannot be considered as representing the corporation, the notice clearly provided for one who would so represent and might have knowledge of the facts. That would be, in my opinion, the Master of the vessel, and the defendant could have produced him if it objected to being represented by the First Mate. It does not even advise the court whether the First Mate is still in its employ or where he is or whether he could be produced.

The Rules clearly contemplate the taking of depositions of corporations by an officer, director or managing agent. Rules 26(a), 30(b), 33, 37(d). The last mentioned rule expressly provides for the striking out of a pleading in the event that a party or an officer or managing agent wilfully fails to appear.

I am satisfied, however, that defendant cannot be made to appear and answer by the First Mate, who, I doubt could be called an officer, director or managing agent, unless the plaintiff had subpoenaed him. Rules 26 and 45. The failure of the defendant to state whether or not he is still in its employ or what his address may be does not commend to the court as fair or above board. However, inasmuch as the plaintiff did not subpoena the First Mate (and I do not know how he could under the facts shown in the papers before the court), the motion will be denied unless the defendant will produce, within a time and at a place to be fixed in an order to be entered upon this motion, the Master of the ship to be examined in accordance with the notice previously served by the plaintiff. Settle order on notice.